JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. 8:25-cv-02579-DOC-JDE                          Date:  April 10, 2026

Title: Christopher Albanese v. Navient Corporation et al

---

PRESENT:            THE HONORABLE DAVID O. CARTER, JUDGE

Karlen Dubon                                          Not Present
Courtroom Clerk                                       Court Reporter

ATTORNEYS PRESENT FOR                    ATTORNEYS PRESENT FOR
PLAINTIFF:                               DEFENDANT:
None Present                             None Present

---

**PROCEEDINGS (IN CHAMBERS):   ORDER REMANDING CASE TO
STATE COURT SUA SPONTE AND
DENYING AS MOOT MOTION TO
DISMISS [28]**

Before the Court is the Motion to Remand (Dkt. 28) filed by Plaintiff Christopher Albanese. The Court has read the briefing associated with this matter and heard oral arguments. After careful consideration of the parties' submissions and relevant law, the Court hereby **REMANDS** this case in its entirety to the Superior Court of California, County of Orange. Accordingly, Defendants' Motion to Dismiss the First Amended Complaint (Dkt. 31) is **DENIED** as moot.

## I.    Background

### A.  Factual Background

Plaintiff is alleging that he was misled into enrolling in a higher education program where he was pressured to take out largely high-interest, private student loans to pay for his exorbitant tuition. Plaintiff claims that Defendants—Navient Corporation, Navient Solutions LLC, and Higher Education Loan Authority of the State of Missouri (doing business as MOHELA)—were aware of how he was misled and have profited off his nearly seventeen years of private student loans payments that he is still attempting to

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-02579-DOC-JDE                                    Date: April 10, 2026
                                                                                    Page 2

pay off. As a result, Plaintiff claims that his credit and ability to secure loans on favorable terms have suffered.

In addition to damages, injunctive relief, and declaratory relief, Plaintiff indicated in his complaint that he seeks a public injunction. Dkt. 1-1 at 4. Specifically, Plaintiff seeks to "enjoin Navient and MOHELA from engaging in the unfair student loan servicing conduct alleged herein as to the general public, including those who might have student loans serviced by Navient and/or MOHELA in the future." *Id.* This public injunction would, "require that Navient and MOHELA conduct good faith evaluations of borrower claims of school misconduct, that Navient and MOHELA implement policies and procedures to ensure that they provide timely and complete responses to borrower qualified written requests for information and notices of error under to the Student Borrower Bill of Rights, and that Navient and MOHELA implement policies and procedures to prevent harassing and abusive telephone calls as well as unlawful debt collection contacts with third parties." *Id.* This matter was removed from the Superior Court of California, County of Orange, on November 17, 2025.

## B.  Procedural History

Plaintiff filed his complaint in Superior Court of California, County of Orange on October 3, 2025. The matter was removed by Defendant Navient Corporation on November 17, 2025 (Dkt. 1). Defendants Navient Corporation and Navient Solutions, LLC filed their Motion to Dismiss on December 23, 2025 (Dkt. 15). Defendant Higher Education Laon Authority of the State of Missouri filed its Motion to Dismiss on December 24, 2025 (Dkt. 17). Plaintiff filed his First Amended Complaint on January 9, 2026 (Dkt. 21).

The Motion to Remand Case to Superior Court of Orange County was filed by Plaintiff on January 23, 2026 (Dkt. 28). Defendants Navient Corporation and Navient Solutions, LLC filed their Motion to Dismiss First Amended Complaint on February 6, 2026 (Dkt. 31). On the same day, Defendant Higher Education Loan Authority of the State of Missouri filed their Motion to Dismiss (Dkt. 33). Defendants Navient Corporation and Navient Solutions, LLC filed their Opposition to the Motion to Remand (Dkt. 36) on February 20, 2026 and on February 23, 2026 Defendant Higher Education Loan Authority of the State of Missouri joined the opposition (Docket 37). The Court heard oral arguments on the Motion to Remand on March 16, 2026 and allowed supplemental briefing on the matter. On March 26, 2026, Defendants Navient Corporation and Navient Solutions, LLC filed their Opposition to Remand (Dkt. 42) with Defendant Higher Education Loan Authority of the State of Missouri filing their joinder on the same day also (Dkt. 44). Plaintiff filed their Supplement to the Motion to Remand (Dkt. 43) on March 26, 2026 as well.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-02579-DOC-JDE                                    Date: April 10, 2026
                                                                                Page 3

## II.      Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This statute "is strictly construed *against* removal jurisdiction," and the party seeking removal "bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (emphasis added) (citations omitted).

Federal diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The presence of any single plaintiff from the same state as any single defendant destroys "complete diversity" and strips the federal courts of original jurisdiction over the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

Generally, a removing defendant must prove by a preponderance of the evidence that the amount in controversy satisfies the jurisdictional threshold. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2008). If the complaint affirmatively alleges an amount in controversy greater than $75,000, the jurisdictional requirement is "presumptively satisfied." *Id.* In that situation, a plaintiff who then tries to defeat removal must prove to a "legal certainty" that a recovery of more than $75,000 is impossible. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Crum v. Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000). This framework applies equally to situations where the complaint leaves the amount in controversy unclear or ambiguous. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

A removing defendant "may not meet [its] burden by simply reciting some 'magical incantation' to the effect that 'the matter in controversy exceeds the sum of [$75,000],' but instead, must set forth in the removal petition the underlying facts

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-02579-DOC-JDE                                    Date: April 10, 2026
                                                                          Page 4

supporting its assertion that the amount in controversy exceeds [$75,000]." *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (quoting *Gaus*, 980 F.2d at 567). If the plaintiff has not clearly or unambiguously alleged $75,000 in its complaint or has affirmatively alleged an amount *less* than $75,000 in its complaint, the burden lies with the defendant to show by a preponderance of the evidence that the jurisdictional minimum is satisfied. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010); *Guglielmino*, 506 F.3d at 699.

While the defendant must "set forth the *underlying facts* supporting its assertion that the amount in controversy exceeds the statutory minimum," the standard is not so taxing so as to require the defendant to "research, state, and *prove* the plaintiff's claims for damages." *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010) (emphases added). In short, the defendant must show that it is "more likely than not" that the amount in controversy exceeds the statutory minimum. *Id*. Summary judgment-type evidence may be used to substantiate this showing. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). For example, defendants may make mathematical calculations using reasonable averages of hourly, monthly, and annual incomes of comparable employees when assessing the amount in controversy in a wrongful termination suit. *Coleman*, 730 F. Supp. 2d. at 1148–49.

If the court lacks subject matter jurisdiction, any action it takes is ultra vires and void. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 101–02 (1998). The lack of subject matter jurisdiction may be raised at any time by either the parties or the court. Fed. R. Civ. P. 12(h)(3). If subject matter jurisdiction is found to be lacking, the court must dismiss the action, *id.*, or remand pursuant to 28 U.S.C. § 1447(c). A court may raise the question of subject matter jurisdiction *sua sponte*. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

**III.    Discussion**

On December 23, 2025, Defendants Navient Corporation and Navient Solutions, LLC filed a Notice of Motion to Dismiss arguing that Plaintiff lacked Article III standing to bring a claim for public injunctive relief in federal court because "federal equitable requirements apply regardless of whether state law might authorize injunctive relief on a lesser showing." Dkt. 15 at 13. Defendants reiterated these arguments at oral argument. Plaintiff now seeks a remand of this case entirely, or in the alternative of the public injunctive relief portion of this case. After consideration of the Article III standard in

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-02579-DOC-JDE                                  Date: April 10, 2026
                                                                              Page 5

federal court, principles of federalism and federal-state relations, as well as judicial economy, the Court finds remand of the entire matter to state court most appropriate.

Article III standing is a "core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992). However, as noted by the Ninth Circuit, state courts are not bound by the same constraints of Article III as federal courts. *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016). The Ninth Circuit has provided further guidance by stating that when a plaintiff lacks Article III standing, ""[r]emand is the correct remedy because a failure of federal subject-matter jurisdiction means only that the federal courts have no power to adjudicate the matter." *Id.* Therefore, the Court finds that remand to the state court is appropriate in the present matter.

The Court also looked to principles of federalism and federal-state relations when deciding to remand. Sister courts have also considered these principles when deciding to remand cases back to state court. For example, in *Clevenger v. Welch Foods Inc* the Court remanded the entire matter back to state court after finding that plaintiffs lacked equitable jurisdiction for their UCL claim in federal court. *Clevenger*, No. SACV 23-00127-CJC (JDEx), 2023 U.S. Dist. LEXIS 38305 (C.D. Cal. Mar. 7, 2023). This Court has great respect for its colleagues in state courts and finds that depriving Plaintiff of an unwaivable right based in California state public policy would be an affront to the delicate balance of federal-state relations. Further, the promises of federalism require this Court to consider its duty in not undermining the authority of state law.

Though Defendants have the right to remove cases, where appropriate, the consequence cannot be that this tool is used to deprive Plaintiffs of the relief they seek without litigation on the merits. The Court in *Clevenger* also remanded the entire matter back to state court because it found that "…a defendant should not be able to avail itself of federal jurisdiction only to turn around and argue that jurisdiction does not exist in order to have the case dismissed." *Clevenger*, 2023 U.S. Dist. LEXIS 38305, at *13. This Court agrees. Many other courts have also found that the absence of equitable jurisdiction defeats removal and therefore remanded back to state court. *See, e.g., Horton v. Kraft Heinz Foods Co., LLC*, No. 24-CV-909 TWR (SBC), 2024 U.S. Dist. LEXIS 168925, 2024 WL 4211182, at *1 (S.D. Cal. Sept. 6, 2024); *Guthrie*, 561 F. Supp. 3d at 880-81; *Clevenger v. Welch Foods Inc.*, No. 23-cv-00127, 2023 U.S. Dist. LEXIS 38305, 2023 WL 2390630, at *4 (C.D. Cal. Mar. 7, 2023); *Linton*, 2023 U.S. Dist. LEXIS 113669, 2023 WL 4297568, at *4; *Granato*, 2023 U.S. Dist. LEXIS 124318, 2023 WL 4646038, at *5; *Ruiz*, 2024 U.S. Dist. LEXIS 100731, 2024 WL 2844625, at *5-6; *Rogoff*, 2024 U.S. Dist. LEXIS 221309, 2024 WL 5010642, at *4; *Youssef v. Great Am. Life Ins. Co.,* 2025 U.S. Dist. LEXIS 153586, *12.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-02579-DOC-JDE                                           Date: April 10, 2026
                                                                                      Page 6

Finally, the Court considered judicial economy when deciding the remand the case back to state court in full. Central to Plaintiff's case is the public injunctive relief he seeks to prevent the allegedly unlawful practices of Defendants. Splitting this matter between state and federal court would result in double litigation over the challenged policies and practices of Defendants—wasting judicial resources. Rather than risk potential inconsistent rulings and increase litigation time, the Court finds that remanding the case in whole is the most economical use of judicial resources.

## IV.     Disposition

For the reasons set forth above, the Court hereby **REMANDS** this case in its entirety to the Superior Court of California, County of Orange. Defendants' Motion to Dismiss the First Amended Complaint (Dkt. 31) is **DENIED** as moot. All pending hearings are hereby vacated and taken off calendar.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                      Initials of Deputy Clerk: kdu
CIVIL-GEN